UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRADY MISNER,**

        **Plaintiff,**

v.                                   Case No. 2:24-cv-1282
                                        JUDGE EDMUND A. SARGUS, JR.
**EMPIRE AUTO PROTECT, LLC,**       Magistrate Judge Chelsey M. Vascura

        **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Brady Misner's Motion for Default Judgment. (Mot., ECF No. 7.) The Motion is supported by an Affidavit submitted by Mr. Misner. (Misner Aff., ECF No. 8.) The time for filing a response to the Motion has passed and Defendant Empire Auto Protect, LLC has not responded. For the reasons below, Mr. Misner's Motion is **GRANTED**.

**BACKGROUND**

In July 2023, Mr. Misner registered his cellphone number with the National Do Not Call registry. (Compl., ECF No. 1, ¶ 7; Misner Aff., ECF No. 8, ¶ 6.) Mr. Misner attached as an exhibit to his Affidavit a copy of his registration on the National Do Not Call registry. (ECF No. 8, PageID 53.) Despite registering on the Do Not Call list, starting in January 2024 and continuing through May 2024, telephone numbers registered to Empire Auto sent Mr. Misner text messages to his personal cellphone number. (Compl. ¶¶ 11, 20; Mot., PageID 29.) The text messages advertised Empire Auto's products and encouraged Mr. Misner to purchase Empire Auto's personal auto warranties. (*Id.* ¶¶ 13–14; Misner Aff. ¶ 7.) Mr. Misner alleges that he did not have an existing business relationship with Empire Auto, or consent to receive communications. (Compl. ¶¶ 17–18; Mot., PageID 29.)

1

Mr. Misner attaches as an exhibit to his Affidavit seven text messages sent by numbers registered to Empire Auto. (ECF No. 8, PageID 55–58.) On January 5, 2024, he received the first text message, advertising a Black Friday sale. (*Id.* PageID 55.) He received the same text message again on January 12, and January 19, 2024. (*Id.* PageID 56.) He replied "STOP" and was notified that he had been unsubscribed. (*Id.*) Nonetheless on March 11, 2024, he received another message from Lance with Empire Auto "following up on a quote" that Mr. Misner allegedly requested. (*Id.*) Mr. Misner responded that he had not requested a quote. (*Id.*) On May 3, he received a text message from Jason with Empire Auto asking to discuss a quote Mr. Misner allegedly requested. (*Id.* PageID 58.) Then both Jason and Lance from Empire Auto again texted Mr. Misner on May 6 asking to discuss his requested quote. (*Id.* PageID 57–58.)

On March 8, 2024, Mr. Misner brought this putative class action against Empire Auto. (Compl.) He alleges that Empire Auto violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by initiating, or causing to be initiated, telephone solicitations to telephone subscribers (such as Mr. Misner) who registered their respective telephone numbers on the National Do Not Call registry. (*Id.* ¶¶ 35–42.)

When Empire Auto failed to answer the Complaint or otherwise defend in this action, Mr. Misner applied for and received an entry of default against Empire Auto. (ECF Nos. 5, 6.) Mr. Misner then moved for default judgment on his individual claims (Mot., ECF No. 7). He seeks a total damages award of $10,500.00, which represents statutory damages in the amount of $1,500.00 for each of the seven text messages sent to Mr. Misner. (Mot., PageID 32.) He also requests post-judgment interest on the damages award until judgment is satisfied. (*Id.*) Empire Auto has not responded and the time to do so has passed.

After Mr. Misner moved for default judgment, the Court ordered him to advise the Court how he intended to proceed on his class action allegations. (ECF No. 9.) Mr. Misner then filed notice that he "dismisses his class action allegations without prejudice for purposes of the default judgment." (ECF No. 10.)

**STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Once default is entered, a party may move for default judgment from either the clerk or, as is relevant here, from the Court. Fed. R. Civ. P. 55(b); *see also, e.g.*, *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 U.S. Dist. LEXIS 130140, at *4 (S.D. Ohio July 21, 2022) (describing the two-step process in obtaining a default judgment).

Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover*, 2022 U.S. Dist. LEXIS 130140, at *4 (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 U.S. Dist. LEXIS 15877, at *3 (S.D. Ohio Feb. 10, 2015) (Newman, J.)). But allegations of damages may be "accepted as true, thereby bypassing the necessity of a hearing, where 'the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits.'" *Bds. of Trs. of the Ohio Laborers Bens. v. Karnak Concrete LLC*, No. 2:20-cv-1210, 2024 U.S. Dist. LEXIS 120120, at *4 (S.D. Ohio July 9, 2024) (Marbley, C.J.) (quoting *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. NCR Clark, LLC*, No. 3:14-CV-00070, 2014 U.S. Dist. LEXIS 119035, at *4 (S.D. Ohio Aug. 26, 2014) (Rose, J.)). Thus, the "Court may enter an award

3

without a hearing when plaintiff's claim is for sum certain or a sum that can be made certain by computation." *Bds. of Trs. of the Ohio Laborers Bens. v. Kyle J. Sherman Excavating, LLC*, No. 2:23-cv-2476, 2024 U.S. Dist. LEXIS 34246, at *3 (S.D. Ohio Feb. 28, 2024) (Graham, J.).

## ANALYSIS

To begin, the Court addresses Mr. Misner's notice of his intention to dismiss his class action allegations against Empire Auto and to move for default judgment only on his individual claims. (ECF No. 10.) Mr. Misner originally filed this action on behalf of a putative class but notified the Court that he intended to dismiss his class action allegations without prejudice. (*See* ECF No. 10.) "The proper procedural vehicle for dismissing fewer than all the claims or parties to a lawsuit is Rule 21 of the Federal Rules of Civil Procedure." *Tera II LLC v. Rice Drilling D, LLC*, No. 2:19-cv-02221, 2024 U.S. Dist. LEXIS 6785, at *4 (S.D. Ohio Jan. 12, 2024) (Marbley, J.); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms add or drop a party. The court may also sever any claim against a party."). Based on Mr. Misner's notice (ECF No. 10), the Court **SEVERS** and **DISMISSES without prejudice** Mr. Misner's class action allegations from his individual allegations against Empire Auto.

Mr. Misner seeks default judgment on his individual claims against Empire Auto for violations of the TCPA. He argues that Empire Auto willfully or knowingly violated the TCPA, and requests damages in the amount of $10,500.00, plus an award of post-judgment interest. The Court will address Mr. Misner's requested damages award before turning to his request for post-judgment interest.

### I. Monetary Damages for Violations of the TCPA

Mr. Misner seeks damages of $10,500.00 for willful violations of the TCPA. Even though the Court accepts the factual allegations on liability as true, the Court still must determine that the

4

facts in the Complaint state a claim for relief against Empire Auto. *See Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (Cole, J.). Thus, the Court must first address the issue of Empire Auto's liability.

### A. Liability

The TCPA regulates telephone technology to prevent abusive telemarketing practices. *See Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 740 (6th Cir. 2013). Mr. Misner seeks damages under the private right of action conferred by 47 U.S.C. § 227(c)(5) based on Empire Auto's alleged violations of the regulations set out at 47 C.F.R. § 64.1200(d). (Mot., PageID 31.)

Congress authorized the Federal Communications Commission ("FCC") to promulgate regulations to achieve the TCPA's goals. 47 U.S.C. § 227(c)(3). The TCPA empowered the FCC to create a national database of "residential subscribers who object to receiving telephone solicitations" and to prohibit solicitations to "any subscriber included in such database." *Id.* Section 227(c)(5) confers a private cause of action on a "person who has received more than one telephone call within any 12-month period or by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

The FCC regulation that Mr. Misner relies on prohibits any "person or entity" from "initiat[ing] . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The FCC issued a regulation clarifying that the above rule applies equally to text message calls or text messages to wireless telephone numbers. 47 C.F.R. § 64.1200(e).

Accordingly, to state a claim under 47 U.S.C. § 227(c), a plaintiff must allege that he (1) is a residential telephone subscriber, (2) registered that telephone number with the Do Not Call

registry, and (3) nonetheless received an unsolicited call or text message to that number initiated by a person or entity. *Lirones v. Leaf Home Water Sols., LLC*, No. 5:23-cv-02087, 2024 U.S. Dist. LEXIS 165900, at *9 (N.D. Ohio Sep. 16, 2024).

On a motion for default judgment, Mr. Misner's factual allegations are taken as true to establish liability. *See Hoover*, 2022 U.S. Dist. LEXIS 130140, at *4. Mr. Misner registered his cellular telephone number with the National Do Not Call registry on July 15, 2023. (Misner Aff. ¶ 6; Compl. ¶ 20.) He nonetheless received unsolicited text messages from the entity Empire Auto three times in January 2024 (January 5, 12, and 19), once in March 2024, and three times in May 2024 (May 3 and 6). (Misner Aff. PageID 55–58.) Thus, his factual allegations as pleaded satisfy the second and third factors necessary to state a claim under 47 U.S.C. § 227(c).

The Court also finds that cellular telephone users can be considered "residential telephone subscribers" 47 U.S.C. § 227(c) and 47 C.F.R. §§ 64.1200(c)–(d). Some courts have found that § 227(c) and its accompanying regulations apply only to residential telephone lines. *See e.g.*, *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 U.S. Dist. LEXIS 97486, at *14 (M.D. Tenn. June 23, 2017) (dismissing claims for relief of a cellular telephone user under § 227(c) and 47 C.F.R. § 64.1200(d)). But the only circuit court to address the question held that "residential" for the purposes of § 227 presumably encompassed cellular phones in some cases. *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1224–26 (9th Cir. 2022). Likewise, the Northern District of Ohio also concluded that cellular telephone users can be considered "residential telephone subscribers" and subject to the protections of the TCPA. *Lirones*, 2024 U.S. Dist. LEXIS 165900, at *12 (finding that cellular telephones fits within the TCPA's definition of residential telephone subscriber because cellphones, like residential phones, are used for personal activities associated with private, domestic life). This holding is consistent with the FCC's regulation explaining that

6

47 C.F.R. § 64.1200(d) applies equally to text messages sent to wireless telephone numbers. 47 C.F.R. § 64.1200(e).

Accordingly, Mr. Misner cellular telephone usage entitles him to the protections of the TCPA as a "residential telephone subscriber" under § 227(c). Mr. Misner's unchallenged allegations state that he used his cellular telephone number "for personal use and not for business." (Misner Aff. ¶ 5.) Accordingly, the factual allegations satisfy the three elements necessary to state a claim for relief under 47 U.S.C. § 227(c). By failing to answer, appear, or otherwise defend against this action, Empire Auto is deemed to have admitted these allegations.

The Court thus finds that Mr. Misner is entitled to default judgment on his individual claims against Empire Auto. Mr. Misner moves for default judgment only on his individual claims and his class action allegations have been dismissed, thus Court will not enter a judgment against Empire Auto on behalf of the putative class members. *See Aleobua v. United Wellness Cmty., LLC*, Civil Action No. 14-cv-12932, 2014 U.S. Dist. LEXIS 159550, at *2 (E.D. Mich. Nov. 13, 2014) (granting motion for default judgment for plaintiff individually but declining to enter judgment against defendant on behalf of the putative class members before the class was certified); *see also Coop. Med. Health Care Corp., P.A. v. Med. Synergy, Inc.*, No. 1:21-cv-00046-PAB, 2021 U.S. Dist. LEXIS 161258, at *4 (N.D. Ohio Aug. 26, 2021) (explaining that a class must be certified before a plaintiff can proceed on a class basis against a defaulting party).

### B. Damages

Turning to damages, the TCPA provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection may . . . bring . . . an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation,

whichever is greater." 47 U.S.C. § 227(c)(5)(B). If the Court finds that the defendant "willfully or knowingly" violated these provisions, the Court "may, in its discretion, triple the amount of damages." *See* 47 U.S.C. § 227(c)(5).

Mr. Misner's unchallenged affidavit states that he received seven text messages sent from Empire Auto even though he was registered on the National Do Not Call registry. (Misner Aff. ¶ 7; ECF No. 8, PageID 55–58.) His uncontested allegations show that at a minimum, Mr. Misner is entitled to $3,500.00—or $500 for each of the seven text messages. *See* 47 U.S.C. § 227(c)(5)(B). But Mr. Misner also asks the Court to triple his damages to a total of $10,500.00— or $1,500.00 per text message. (Mot., PageID 32.)

"Courts have applied various tests for deciding when trebling the statutory damage award is appropriate." *See Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 U.S. Dist. LEXIS 139505, at *15 (S.D. Ohio Sep. 27, 2012) (collecting cases and trebling damages on motion for default judgment). The "purpose of the treble damages provision of the TCPA was more compensatory than punitive." *Id.* (citing *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768 (11th Cir. 2011)). Treble damages are "designed as an additional incentive for aggrieved parties to file suit since their actual and basic statutory damages were likely to be minimal." *Id.*

Mr. Misner's factual allegations, accepted as true, show that Empire Auto knew or should have known that Mr. Misner had requested not to be contacted. Not only did he register with the Do Not Call registry, he also specifically asked that Empire Auto stop contacting him. (Misner Aff. PageID 56.) Even so, Empire Auto continued to send him unsolicited text messages. (*Id.*) Further, without trebling Mr. Misner's statutory damages, his recovery would be minimal and would not incentivize similarly aggrieved parties to seek redress for TCPA violations. *See Charvat*, 2012 U.S. Dist. LEXIS 139505, at *15 (trebling minimal statutory damages awarded under the

8

TCPA to provide an incentive for aggrieved parties to file suit). The Court will therefore treble the damages awarded under § 227(c)(5)(B) for the seven unsolicited text messages. That results in damages of $1,500.00 per text message, or a total damage award of $10,500.00.

This uncontested evidence establishes the calculability of Mr. Misner's damages. The Court is satisfied that it can determine the appropriate damages without an evidentiary hearing. Based on this evidence, Mr. Misner is entitled to a damages award of $10,500.00.

## II. Post-Judgment Interest

On top of damages, Mr. Misner seeks post-judgment interest. Under 28 U.S.C. § 1961(a), the Court has no discretion to deny any post-judgment interest because it is mandatory. *Cabatech, LLC*, 2024 U.S. Dist. LEXIS 141124, at *12 (citing *Caffey v. UNUM Life Ins.*, 302 F.3d 576, 586 (6th Cir. 2002)). That statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." 28 U.S.C. § 1961(a). The purpose of post-judgment interest is "to compensate the prevailing plaintiff for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 U.S. Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (Vascura, M.J.) (awarding post-judgment interest on default judgment).

Accordingly, Empire Auto is ordered to pay post-judgment interest at the applicable statutory rate from the date of this Order until the judgment is satisfied.

## CONCLUSION

The Court **SEVERS** and **DISIMISSES without prejudice** Plaintiff Brady Misner's class action allegations against Defendant Empire Auto Protect, LLC under Rule 21 of the Federal Rules of Civil Procedure. (*See* ECF No. 10.) Mr. Misner's Motion for Default Judgment on his individual claims (ECF No. 7) is **GRANTED**, and the Clerk is **DIRECTED** to enter judgment for Plaintiff and against Defendant on Plaintiff's claim for violations of the Telephone Consumer Protection Act ("TCPA"). Mr. Misner is **AWARDED** $10,500.00 in damages, plus post-judgment interest at the applicable statutory rate as set forth above.

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

**11/6/2024**                                             **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**